UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

In re:
**MARTIN L. REICHARTZ,**
                Debtor.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
                Appellant,

v.

**MARTIN L. REICHARTZ,**
                Appellee.

D. Ct. Case No. 13-C-0463
Adv. Pro. No.12-2697
Ch. 13 Case No. 04-34658

---

**DECISION AND ORDER**

      This is an appeal from an order of the bankruptcy court in an adversary proceeding. In July 2003, American Family Mutual Insurance Company obtained a judgment from the Milwaukee County Circuit Court against Martin Reichartz in the amount of $23,698.10. The judgment arose from an automobile accident in which American Family's insured suffered bodily injury. At the time of the accident, Reichartz was operating a motor vehicle while intoxicated. Under state law, once the judgment was entered, post-judgment interest began to accrue at the rate of 12% per year. See Wis. Stat. § 815.05(8) (2003–04).

      In October 2004, Reichartz filed a petition under Chapter 13 of the Bankruptcy Code, which permits individual debtors to develop a plan to repay all or a portion of their debts over a period of time . See Nobelman v. Am. Sav. Bank, 508 U.S. 324, 327 (1993). When he filed his petition, Reichartz disclosed a debt owed to American Family in the amount of $24,658.00. In his plan, which he filed along with his petition, Reichartz proposed the following with respect to this debt: "Debtor shall pay the American Family

Insurance claim in full through the Chapter 13 Plan. Interest, penalties, and garnishment shall cease." R. 34–35. Thereafter, American Family filed a proof of claim in which it listed the amount of its claim as "$22,612.50 plus judgment interest." R. 52. Reichartz did not object to American Family's claim, and American Family did not object to Reichartz's plan. The bankruptcy court confirmed the plan on November 29, 2004. In the following years, Reichartz made all required plan payments. From the plan, American Family received a total of $22,612.50.

On June 25, 2007, the bankruptcy court granted Reichartz a discharge. The order granting the discharge reproduced verbatim the language used in one of the Bankruptcy Official Forms, Form B18W. The order stated, in its entirety, as follows: "It appearing that the debtor is entitled to a discharge, IT IS ORDERED: The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code)." See E.D. Wis. Bankr. Case No. 04-34658, Doc. 23.

Following the discharge, American Family began to collect additional funds from Reichartz for what it thought was post-judgment interest that had not been discharged during the Chapter 13 case. American Family collected some of those funds through garnishments and voluntary payments by Reichartz. In May 2012, however, Reichartz decided that the post-judgment interest that American Family had collected and was continuing to collect had been discharged during the Chapter 13 case. He filed a motion in the Milwaukee County Circuit Court in which he asked the court to deem the judgment satisfied due to the bankruptcy discharge. The court stated that it did not believe it had jurisdiction to decide the motion. Thereafter, both Reichartz and American Family returned to the bankruptcy court. Reichartz filed an adversary complaint against American Family

2

alleging that its continuing to pursue Reichartz for post-judgment interest amounted to a violation of the discharge injunction, 11 U.S.C. § 524(a)(2). That adversary proceeding, No. 12-2863, remains pending in the bankruptcy court.[1]

American Family filed its own adversary complaint against Reichartz. In that complaint, American Family asked the bankruptcy court to declare that Reichartz's obligation to pay post-judgment interest on the 2003 judgment had not been discharged during the bankruptcy case. Eventually, the parties filed cross-motions for summary judgment on that issue. American Family's motion asked the court to declare that $6,460.57 in post-judgment interest had not been discharged. Reichartz's motion asked the court to declare that his entire debt to American Family, including all interest and penalties, had been discharged. In an order dated March 19, 2003, the bankruptcy court denied American Family's motion and granted Reichartz's motion. American Family appeals this order.

The issue in this appeal arises from the fact that, under 11 U.S.C. § 523(a)(9), debts for death or personal injury caused by the debtor's operation of a motor vehicle while intoxicated are not dischargeable. The parties agree that Reichartz's debt to American Family was one for personal injury caused by Reichartz's operation of a motor vehicle while intoxicated and thus should not have been discharged. However, Reichartz contends that because his plan stated with respect to American Family's claim that "[i]nterest, penalties, and garnishment shall cease," Reichartz's obligation to pay any post-judgment interest that

---

[1]American Family has filed a motion in this appeal to stay the trial in Case No. 12-2863, which is scheduled to commence in September, pending the outcome of this appeal. Because this opinion disposes of the merits of the appeal, I will deny the motion to stay as moot.

3

accrued following the filing of his petition was in fact discharged. Reichartz further contends that although it may have been legal error for the bankruptcy court to discharge this obligation, it is now too late for American Family to have that error corrected. American Family did not object to the plan or the discharge, and it did not file a timely appeal of the orders confirming the plan and granting the discharge. Therefore, argues Reichartz, American Family is bound by the discharge.

A key premise in Reichartz's argument is that the bankruptcy court entered an order discharging his obligation to pay any post-judgment interest that accrued following the filing of the petition. However, I can find no language in the discharge order stating that such an obligation was discharged. Instead, the order states only that Reichartz was "granted a discharge under section 1328(a) of title 11." The order does not identify any specific debts that were discharged. Moreover, the text of § 1328(a) expressly states that a discharge under that section does not apply to debts for death or personal injury caused by the debtor's operation of a motor vehicle while intoxicated. Specifically, the text states that the court shall discharge "all debts provided for by the plan or disallowed under section 502 of this title, <u>except</u> any debt . . . of the kind specified . . . in [§ 523(a)(9)]." (Emphasis added.) Thus, the discharge order does not purport to discharge Reichartz's obligation to pay post-petition post-judgment interest.

Reichartz emphasizes that his plan, which was confirmed, proposed that his obligation to pay post-petition post-judgment interest would be discharged. That is not so clear. The plan does not state that any post-petition post-judgment interest would be discharged, only that "[i]nterest, penalties, and garnishment shall cease." Although it may be reasonable to interpret this language as meaning that any further post-judgment interest

4

would be discharged, that is not the only reasonable interpretation. The language might simply be recognizing the fact that, during the life of the Chapter 13 plan, American Family would be subject to the automatic stay, see 11 U.S.C. § 362, and therefore would have to cease collection activity. This would explain why the plan specified that "penalties and garnishment" would cease. Moreover, under the Bankruptcy Code, American Family was not entitled to receive payments from the plan for unmatured interest, see 11 U.S.C. § 502(b)(2), and thus the plan's stating that "interest shall cease" might have been simply a recognition of that fact. In any event, even if the plan called for the discharge of Reichartz's obligation to pay post-petition post-judgment interest, the fact remains that the discharge order did not actually discharge that obligation. And it is the discharge order, rather than the plan itself, that dictates the scope of the discharge. See Espinosa v. United Student Aid Funds, Inc., 530 F.3d 895, 898–99 (9th Cir. 2008) (where discharge order did not discharge a debt that Chapter 13 plan proposed to discharge, debt was not discharged). Thus, Reichartz's obligation to pay any post-judgment interest that accrued after the filing of his Chapter 13 petition was not discharged.

Accordingly, the order of the bankruptcy court is **REVERSED** and this matter is **REMANDED** to the bankruptcy court for further proceedings consistent with this opinion. It is also ordered that American Family's motion to stay pending appeal is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 22nd day of August 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge

5

Case 2:13-cv-00463-LA    Filed 08/22/13    Page 5 of 5    Document 14